# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **SHAWN MANN**, on behalf of himself and others similarly situated, | : <br> : CASE NO. 1:25-cv-1103 <br> : |
| Plaintiff, | : **JUDGE** <br> : |
| v. | : **MAGISTRATE JUDGE** <br> : |
| **WOODFOREST NATIONAL BANK**, c/o CT Corporation System 4400 Easton Commons Way, Suite 125 Columbus, OH 43219, | : **JURY DEMAND ENDORSED** <br> : **HEREON** <br> : <br> : <br> : |
| Defendant. | : |

### PLAINTIFF'S COLLECTIVE ACTION COMPLAINT
### FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Named Plaintiff Shawn Mann ("Named Plaintiff"), individually and on behalf of others similarly situated, files his Collective Action Complaint for Violations of the Fair Labor Standards Act against Defendant Woodforest National Bank ("Defendant"), for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*. This FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

### I.   JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA and 28 U.S.C. § 1331.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Northern District of Ohio, a substantial part of the events or omissions giving rise to the claims occurred in the Northern District

of Ohio, and Defendant conducted substantial business in the Northern District of Ohio.

## II. PARTIES

### A. Named Plaintiff

3. Named Plaintiff is an individual, a United States citizen, and a resident of this judicial district.

4. Named Plaintiff worked as an hourly, non-exempt "employee," as defined in the FLSA, of Defendant at its Ashland Wal-Mart Branch, located at 1996 E Main St., Ashland, OH 44805, from approximately January 2013 to March 13, 2025 as an assistant manager.

5. At all relevant times, Named Plaintiff and others similarly situated were "employees" within the meaning of the FLSA.

6. At all relevant times, Named Plaintiff and other similarly situated employees were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206–07.

7. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

### B. Defendant

8. Defendant Woodforest National Bank is a foreign for-profit corporation authorized to do business in Ohio.

9. Defendant is a national bank that offers services for small businesses, personal banking, and personal loans.[1]

10. Defendant currently owns, operates, and/or manages over 760 branches of banks,

---

[1] *Woodforest National Bank*, WOODFOREST NAT'L BANK, https://www.woodforest.com/ (last visited May 28, 2025).

branches, and/or offices throughout 17 states.[2]

11. Defendant has employed Named Plaintiff and other similarly situated employees at its various locations as hourly, non-exempt assistant managers who perform various bank services for Defendant and its clients.

12. Defendant has the authority to hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records.

13. At all relevant times, Defendant has determined those matters governing the essential terms and conditions of employment for the employees at Defendant's locations.

14. At all relevant times, Defendant has had direct or indirect control and authority over its employees' working conditions. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

15. At all relevant times, Defendant has suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

16. Defendant's primary function is to own and operate a network of banks and/or offices.

17. Defendant has had substantial control over Named Plaintiff's and other similarly situated employees' working conditions and the alleged unlawful policies and practices.

18. Upon information and belief, Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all similarly situated

---

[2] *About Us*, WOODFOREST NAT'L BANK, https://commercial.woodforest.com/about-us/#:~:text=Woodforest%20National%20Bank%C2%AE%20has,select%20markets%20throughout%20the%20nation. (last visited May 28, 2025).

employees at all of Defendant's locations, including policies, practices, and procedures relating to the payment and calculation of wages as well as overtime and timekeeping.

19. Defendant is an "employer" as a single integrated enterprise and/or joint employer of Named Plaintiff and other similarly situated employees because it operates numerous locations with interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

20. Because the work performed by Named Plaintiff and other similarly situated employees benefited Defendant and directly or indirectly furthered its interests, Defendant is an employer (or joint employer) of Named Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

21. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

22. Defendant has gross revenue that exceeds $500,000.00 per year.

23. At all times relevant, Defendant was fully aware of the fact that it was legally required to comply with federal wage and overtime laws.

### III. FACTS

24. At all times relevant, Named Plaintiff and other similarly situated employees were hourly, non-exempt employees entitled to overtime compensation.

25. Named Plaintiff and other similarly situated employees worked, or were scheduled to work, forty (40) or more hours in one or more workweek(s) during the three (3) years immediately preceding the filing of this Complaint.

**Unpaid Pre-Shift Work Claim**

26. During their employment with Defendant, Named Plaintiff and others similarly situated were not paid for all overtime wages because Defendant required Named Plaintiff and other hourly assistant managers to begin work before clocking in for the start of their shift.

27. More specifically, Defendant required Named Plaintiff and other similarly situated hourly assistant managers to participate in pre-shift meetings. These calls began before the branches opened and Named Plaintiff's and other similarly situated employees' scheduled start times.

28. Named Plaintiff and other similarly situated hourly assistant managers were not paid for attending the pre-shift meetings.

**Unpaid Post-Shift Work Claim**

29. During their employment with Defendant, Named Plaintiff and others similarly situated were not paid for all overtime wages because Defendant required Named Plaintiff and other hourly assistant managers to continue performing substantive job duties after clocking out at the end of their shift.

30. Defendant did not allow Named Plaintiff and other similarly situated hourly assistant managers to use their personal cell phones during their shifts.

31. However, Defendant's managerial employees texted Named Plaintiff and other similarly situated hourly assistant managers on their personal cell phones during their shifts regarding various aspects of the business.

32. Because Defendant's hourly assistant managers were not permitted to use their phones during their shifts, Named Plaintiff and others similarly situated did not see these important work-related messages until after they had already clocked out at the end of the workday.

5

Notwithstanding that they were no longer being compensated for their work, Named Plaintiff and others similarly situated still had to review these messages.

33. Thus, Named Plaintiff and others similarly situated were not compensated for their post-shift time spent reviewing text messages.

34. The unpaid substantive work duties that Named Plaintiff and other similarly situated employees performed before the scheduled start and after the scheduled end of their shifts were integral and indispensable to the work that they were hired to perform.

35. Defendant knew or should have known that it did not fully compensate Named Plaintiff and other similarly situated employees for all hours worked.

36. Defendant's failure to compensate Named Plaintiff and other similarly situated hourly assistant managers, as set forth above, resulted in unpaid overtime.

37. At all times relevant herein, Named Plaintiff and other similarly situated hourly assistant managers were employees as defined in the FLSA.

38. Upon information and belief, Defendant, at all times relevant hereto, was fully aware that it was legally required to comply with the wage and hour laws of the United States.

39. Defendant knowingly and willfully failed to pay Named Plaintiff and other similarly situated hourly assistant managers as described herein for all hours worked.

40. Upon information and belief, for the three (3) years preceding the filing of this Complaint, Defendant applied the same pay practices and policies to all hourly assistant managers.

41. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and other similarly situated hourly assistant managers is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were otherwise not kept by Defendant.

## IV. FLSA COLLECTIVE ALLEGATIONS

42. Named Plaintiff brings his FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and others similarly situated, consisting of the following:

> **All current and former hourly, non-exempt assistant managers of Defendant who (1) participated in pre-shift meetings; and/or (2) were sent text messages by managerial employees during their shifts, in any workweek where they were paid for at least forty (40) hours of work, beginning three (3) years before the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

43. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

44. In addition to Named Plaintiff, the potential FLSA Collective Members have been denied proper overtime compensation due to the unlawful payroll policies and practices described herein. Named Plaintiff is representative of those other similarly situated assistant manager employees and is acting on behalf of their interests as well as his own in bringing this action.

45. The identities of the potential FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

46. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members all overtime

wages earned.

## V. CAUSE OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

47. All preceding paragraphs are realleged as if fully rewritten herein.

48. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

49. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

50. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

51. Named Plaintiff and the FLSA Collective Members regularly worked more than forty (40) hours in workweeks.

52. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them overtime premium for all overtime hours worked because of Defendant's policies and/or practices described herein.

53. Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday, and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

54. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

55. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

56. The exact total amount of compensation, including overtime compensation, Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were otherwise not kept by Defendant.

57. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available for himself and the FLSA Collective Members.

## VI. **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, remuneration, timekeeping, and related records necessary to determine similarly situated individuals;

B. Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, mailing addresses, telephone numbers, and email addresses of the FLSA Collective;

C. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

D. Finding that Defendant failed to keep accurate records in accordance with the FLSA and that, as a result, Named Plaintiff and the FLSA Collective Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime

wages to be determined at trial together with any liquidated damages allowed by the FLSA;

  F. Awarding to Named Plaintiff and the FLSA Collective Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

  G. Awarding to Named Plaintiff a service award for his efforts in remedying various pay policies/practices as outlined above;

  H. Awarding to Named Plaintiff and the FLSA Collective Members any such other and further relief as the Court deems just and proper;

  I. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

  J. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever;

  K. Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action; and

  L. Granting such other and further relief as this Court may deem necessary, just, and proper.

        Respectfully submitted,

        **COFFMAN LEGAL, LLC**

        */s/ Matthew J.P. Coffman*
        Matthew J.P. Coffman (0085586)
        Adam C. Gedling (0085256)
        Tristan T. Akers (0102298)
        1550 Old Henderson Rd
        Suite #126
        Columbus, Ohio 43220
        Phone: 614-949-1181

Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com
takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by jury of eight (8) persons.

/s/ *Matthew J.P. Coffman*
Matthew J.P Coffman